IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIGEL PHARMACEUTICALS, INC.,<br>1180 Veterans Boulevard<br>South San Francisco, California 94080,<br><br>                Plaintiff,<br><br>                v.<br><br>HON. DAVID J. KAPPOS, in his official<br>capacity as Director of the United States Patent<br>and Trademark Office and Under Secretary of<br>Commerce for Intellectual Property<br>Office of General Counsel, United States<br>Patent and Trademark Office, P.O. Box 15667,<br>Arlington, Virginia 22215<br>Madison Building East, Room 10B20,<br>600 Dulany Street, Alexandria, Virginia 22314,<br><br>                Defendant. | Civil Action No. _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Rigel Pharmaceuticals, Inc. ("Rigel"), for its complaint against the Honorable David J. Kappos, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,517,886 ("the '886 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '886 patent be changed from 740 days to 1104 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3.Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office ("USPTO"), acting in his official capacity. The Director is the titular head of the USPTO, is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

4.Plaintiff Rigel is a corporation organized under the laws of Delaware, having a principal place of business at 1180 Veterans Boulevard, South San Francisco, California 94080.

## JURISDICTION AND VENUE

5.This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6.Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and Federal Rule of Civil Procedure 6(a)(3).

## BACKGROUND

8.Rajinder Singh, Ankush Argade, Donald G. Payan, Jeffrey Clough, Holger Keim, Somasekhar Bhamidipati, Catherine Sylvain, and Hui Li are the inventors for patent application number 10/631,029 ("the '029 application"), entitled "Methods of Treating or Preventing Autoimmune Diseases with 2,4-pyrimidinediamine Compounds," which issued as the '886 patent. The '886 patent concerns methods of treating or preventing autoimmune diseases. The

first page of the '886 patent is attached hereto as Exhibit A. The '886 patent is 300 pages long and the remaining pages are irrelevant to this action.

9. Plaintiff Rigel is the assignee of the '886 patent, as evidenced by records in the USPTO, and is the real party in interest in this case.

10. 35 U.S.C. § 154 requires that the Director of the USPTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating the patent term adjustment, the Director has to take into account USPTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the USPTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

### CLAIM FOR RELIEF

13. The allegations of paragraphs 1-12 are incorporated in this claim for relief as if fully set forth herein.

14. The '029 application was filed on July 29, 2003, and issued as the '886 patent on April 14, 2009.

15. The patent term adjustment for the '886 patent, as determined by the USPTO under 35 U.S.C. § 154(b), and listed on the face of the '886 patent, is 740 days. (*See* Ex. A).

16.     The determination of the 740-day patent term adjustment is in error.

17.     Pursuant to 35 U.S.C. § 154(b)(1)(B), the USPTO failed to properly account for the period of time between the date that was three years after the actual filing date of the '029 application and the date that the '029 application issued as the '886 patent.

18.     Under 35 U.S.C. § 154(b)(1)(A), plaintiff Rigel is entitled to a 735-day adjustment to the term of the '886 patent, which is the number of days attributable to USPTO examination delay ("A Delay"), as detailed by the following sub-paragraphs:

    a.    issuing a first action under 35 U.S.C. § 132 fourteen (14) months and 327 days after the '029 application was filed, 35 U.S.C. § 154(b)(1)(A)(i);

    b.    issuing an Office Action four (4) months and 102 days after the applicants' Response filed on February 22, 2006, 35 U.S.C. § 154(b)(1)(A)(ii); and

    c.    issuing the '886 patent four (4) months and 306 days after the applicants paid the issue fee, 35 U.S.C. § 154(b)(1)(A)(iv).

19.     Under 35 U.S.C. § 154(b)(1)(B), plaintiff Rigel is entitled to an additional 990-day adjustment to the term of the '886 patent, which is the number of days by which the issue date of the '886 patent exceeds three years from the filing date of the application ("B Delay"). The three-year delay period of 990 days runs from July 30, 2006 (the date that was three years after the filing date of the '029 application) until April 14, 2009 (the date on which the patent issued).

20.     Section 35 U.S.C. § 154(b)(2)(A) states that "to the extent . . . periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed."

21.     This Court, in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008), issued an opinion explaining the proper method for calculating patent term adjustments under 35 § 154(b).

22.     Under this Court's decision in *Wyeth*, "the 'A period' and 'B period' overlap only if they occur on the same calendar day or days." *Id.*, 580 F. Supp. 2d at 140.

23.     Under *Wyeth*, the plaintiff is entitled to both the "A Delay" of 735 days and the "B Delay" of 990 days, minus any overlap that occurs on the same calendar days.

24.     The A and B periods overlap for a total of 371 calendar days, as detailed by the following sub-paragraphs:

> a.  65 days for the period between July 30, 2006 (the beginning of the 3-year delay period) and October 2, 2006 (issuance of first office action on the merits); and
>
> b.  306 days for the period between June 13, 2008 and April 14, 2009 (the delay in issuance of the '886 patent after payment of the Issue Fee by the applicants).

25.     The total period of USPTO delay is therefore 1,354 days, which is the sum of the period of "A Delay" (735 days) and the period of "B Delay" (990 days) minus any overlap (371 days).

26.     Under 35 U.S.C. § 154(b)(2)(C), the total period of USPTO delay is reduced by the period of cumulative applicant delay. During prosecution of the '029 application, the cumulative applicant delay was 250 days. The applicants filed responses to Office Actions three (3) months plus 92, 65, and 3 days, respectively, after the mailing of the respective actions, and

filed an information disclosure statement 90 days after filing a response to an Office Action, as detailed by the following sub-paragraphs:

    a.    the applicants filed a response to the Office Action mailed August 22, 2006 three (3) months and 92 days after mailing, 35 U.S.C. § 154(b)(2)(C)(ii);

    b.    the applicants filed a response to the Office action mailed October 2, 2006 three (3) months and 65 days after mailing, 35 U.S.C. § 154(b)(2)(C)(ii);

    c.    the applicants filed a response to the Office action mailed June 15, 2007 three (3) months and 3 days after mailing, 35 U.S.C. § 154(b)(2)(C)(ii); and

    d.    the applicants filed an information disclosure statement 90 days after filing a response to an Office Action on March 8, 2007, 35 U.S.C. § 154(b)(2)(C)(iii) and 37 CFR 1.704(c)(8).

27. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154 is 1,104 days, which is the difference between the total period of USPTO delay (1,354 days) and the period of applicant delay (250 days).

28. On June 11, 2009, the patentees timely filed with the USPTO a Request for Reconsideration of Patent Term Adjustment under 37 CFR 1.705 (b)-(d) ("Request for Reconsideration") for the '886 patent, requesting that the patentees be granted a corrected final patent term adjustment of 1,104 days based on this Court's explanation of how to calculate overlap under 35 U.S.C. § 154(b).

29. On September 9, 2009, in its Decision on Request for Reconsideration of Patent Term Adjustment (attached as Exhibit B), the USPTO dismissed patentees' Request for

Reconsideration of Patent Term Adjustment because "[p]atentees' calculation of the period of overlap is inconsistent with the Office's interpretation of this provision."

30. The USPTO's imposition of only 740 days of patent term adjustment for the '886 patent is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff Rigel respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '886 patent from 740 days to 1,104 days and requiring the USPTO to alter the term of the '886 patent to reflect that 1,104-day patent term adjustment; and

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

## JURY DEMAND

Plaintiff Rigel demands a jury trial on all issues so triable.

Dated: October 8, 2009

Respectfully submitted,
BLANK ROME LLP

_____
Daniel E. Yonan (Bar No. 473390)
Leasa Woods Anderson (Bar No. 975050)
Blank Rome LLP
Watergate
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Telephone: 202-772-5979
Facsimile: 202-572-8429
Email: Yonan@BlankRome.com
          Anderson-lw@BlankRome.com
*Attorneys for Plaintiff*

OF COUNSEL:
Michael S. Greenfield
Jeremy E. Noe
Kurt W. Rohde

McDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001
*Attorneys for Plaintiff*